```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```
GOETZ D. VEHSE,

                Plaintiff,

v.                                  Case No. 8:16-cv-599-T-33JSS

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

                Defendant.
_____/

## ORDER

This matter comes before the Court pursuant to Plaintiff Goetz D. Vehse's Motion for Rule 11 Sanctions (Doc. # 47), which was filed on January 17, 2017. Defendant Liberty Mutual Fire Insurance Company filed a Response in Opposition to the Motion (Doc. # 50) on January 25, 2017. As explained below, the Court denies the Motion based on Vehse's failure to comply with the safe harbor provisions of Rule 11.

## Discussion

In this removed breach of contract action, Vehse asserts that Liberty Mutual breached the terms of a homeowners insurance policy with respect to sinkhole damage. Liberty Mutual deposed Vehse's expert witness, Sunil Gulati, P.E. and thereafter, on December 14, 2016, filed a motion to exclude Gulati's testimony. (Doc. # 41). On January 17, 2017, Vehse filed a Motion for Rule 11 Sanctions, contending that certain arguments made in Liberty Mutual's motion

to exclude Gulati's testimony "contain no factual support" and "there is no good faith basis for such arguments." (Doc. # 47 at 3).

In response, Liberty Mutual addresses the substantive issues raised regarding the expert's testimony and the arguments presented in the relevant motion to exclude expert testimony. However, one argument Liberty Mutual makes virtually jumps off the page and requires an immediate denial of Vehse's Motion for Rule 11 Sanctions: Liberty Mutual asserts that Vehse failed to comply with Rule 11's twenty-one day safe harbor provision and instead filed the motion within hours of first bringing the matter to Liberty Mutual's attention. "Rule 11 expressly sets forth the safe harbor provisions that must be followed before sanctions will be imposed." <u>Chex Sys., Inc. v. DP Bureau, LLC</u>, 8:10-cv-2465-T-33MAP, 2011 U.S. Dist. LEXIS 130392, at *9 (M.D. Fla. Nov. 10, 2011). The safe harbor provision is found in Rule 11(c), which states:

> (c) Sanctions.
>
> (1) *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.
>
> (2) *Motion for Sanctions.* A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). **The Motion must be served under Rule 5, but it must not**

> **be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.** If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(emphasis added).

Put simply, "Rule 11(c)(2), Federal Rules of Civil Procedure, requires a party to serve a motion for sanctions on the opposing party at least twenty-one days before submitting the motion to the court." Estate of Brennan v. Church of Scientology Flag Org., Inc., No. 8:09-cv-264-T-23EAJ, 2012 U.S. Dist. LEXIS 8544, at *2 (M.D. Fla. Jan. 25, 2012). As stated in Diamonds.net LLC v. IDEX Online, Ltd., 254 F.R.D. 475, 476 (S.D.N.Y, 2008), "the plain language of the Rule expressly requires the serving of a formal motion, and with good reason, for by serving such a motion a movant itself certifies its own compliance with Rule 11 in bringing such a motion and thus places its adversary on notice that the matter may not be viewed as simply part of the paper skirmishing among adversaries that too often characterizes litigation in this uncivil age."

"The procedural requirements of Rule 11 are strictly construed because of the penal nature of the rule." Chex Sys., Inc., 2011 U.S. Dist. LEXIS 130392, at *9. Here, Liberty Mutual explains: "Plaintiff's counsel called the undersigned on the morning of January 13, 2017, to discuss this matter for the first

time. During that phone call, counsel imposed an ultimatum of less than two hours for Liberty Mutual to withdraw its statement. Later that day, Plaintiff's counsel filed his Rule 11 Motion with the Court." (Doc. # 50 at 2).

The Court denies the Motion for Rule 11 Sanctions based on Vehse's failure to comply with the safe harbor provision of Rule 11. The Court notes that Liberty Mutual seeks attorney's fees and costs in connection with responding to the unsuccessful Rule 11 Motion. Although the Court has denied the Motion for Sanctions, the Court exercises its discretion to decline to enter an award of attorney's fees and costs in favor of Liberty Mutual.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Goetz D. Vehse's Motion for Rule 11 Sanctions (Doc. # 47) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 26th day of January, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE